SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION
IN THE OFFICIAL REPORTERS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATSY EDWARDS**, <br><br> Plaintiff, <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> Defendants. | Civil Action No. 09-cv-1053 (RLW) |

**MEMORANDUM OPINION AND ORDER**[1]

In accordance with the Court's Third Amended Scheduling Order, the United States of America filed its Motion for Summary Judgment in this case on June 14, 2013. Plaintiff's opposition, in turn, was due to be filed by July 16, 2013, but this deadline came and went without any action on Plaintiff's part. Plaintiff failed to file any opposition, nor did Plaintiff seek any additional time within which to do so. The docket simply sat dormant. Out of an abundance of reasonableness, however, the Court offered Plaintiff a second chance. On August 23, 2013, the Court issued a Minute Order directing Plaintiff to respond to the United States' Motion for Summary Judgment within seven days. Therein, the Court also explicitly advised Plaintiff that, absent a timely response, the Court would deem the motion conceded. But the Court's warning

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or, alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* FED. R. APP. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

1

went unheeded. Plaintiff again failed to file any response to the United States' motion, nor did Plaintiff timely seek any extension of time. Accordingly, as forewarned, the Court granted the United States' Motion for Summary Judgment on September 3, 2013, and since the United States was the only remaining defendant,[2] Plaintiff's remaining claims were dismissed and the case was closed. Presently before the Court are Plaintiff's Motion to Extend Time to File an Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 47) and Plaintiff's Motion to Reinstate Case (Dkt. No. 48). For the reasons that briefly follow, both motions will be **DENIED**.

Notably, the Court dismissed this case once already for failure to prosecute, (*see* Dkt. No. 38), after Plaintiff's counsel, Patrick J. Christmas, failed to respond to an Order to Show Cause, (*see* Dkt. No. 37).[3] Plaintiff then filed her (first) Motion to Reinstate, (Dkt. No. 39), and the Court held a hearing on the matter on January 7, 2013. After hearing from the parties, the Court reluctantly granted Plaintiff's Motion and reopened the case. In so doing, though, the Court clearly admonished Mr. Christmas that any further dilatory conduct in prosecuting this case would not be tolerated. During that hearing, the Court also set—in consultation with counsel— the above-described summary judgment briefing deadlines, and those deadlines were then memorialized in the Court's Third Amended Scheduling Order, issued on January 7, 2013. (Dkt. No. 42). The United States appropriately filed its Motion for Summary Judgment on June 14,

---

[2] The District of Columbia was dismissed by stipulation on August 23, 2013, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*See* Dkt. No. 46).

[3] The Court's Order to Show Cause chronicles earlier instances of Plaintiff's inaction and disregard for the Court's directives throughout this litigation. By way of example, Mr. Christmas previously ignored the Court's Order to file a Local Civil Rule 7(m) certification in connection with a motion for extension of time, and Mr. Christmas subsequently failed to appear for a hearing before the Court on October 22, 2012. (*See* Dkt. No. 37).

2013, but, as laid out above, Plaintiff failed to submit any timely response.[4] On August 23, 2013, the Court issued its Minute Order directing Plaintiff to respond to the United States' Motion within seven days, by no later than August 30, 2013; Plaintiff ignored this directive. With its Motion unopposed, the Court thus granted the United States' Motion for Summary Judgment, resulting in the dismissal of Plaintiff's remaining claims. *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule."); *see also* LCvR 7(b) ("If such a[n] [opposition] memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").

Plaintiff now asks the Court to reinstate the case, whereby Mr. Christmas asserts that he was "unable to timely file his Response to Defendant's Motion for Summary Judgment because of the recent relocation of his office and the Labor Day Holliday(s) [sic]." (*See* Dkt. No 48 at 1). For several reasons, the Court finds this request altogether unpersuasive. First, Mr. Christmas has been aware of the original summary judgment deadline (July 16th) since January, when the Court issued its most recent Scheduling Order. In fact, the Court discussed the summary judgment deadlines with counsel *in person* during the January hearing, so Mr. Christmas should have placed those obligations on his calendar then. In turn, his reliance on the Labor Day holiday and a recent office move is disingenuous, at best.[5] Second, the Court already forgave Mr. Christmas' inaction once, and he was admonished—during the same January hearing—to strictly comply with the Court's directives and deadlines moving forward. Third, the fact that

---

[4] It is worth noting that in setting the applicable briefing schedule, the Court afforded Plaintiff much longer than the fourteen days to oppose summary judgment than would have otherwise been provided under the Court's Local Rules. *See* LCvR 7(b).

[5] Moreover, under the Court's recent Minute Order, Plaintiff was directed to file any response by Friday, August 30, 2013, before the Labor Day weekend that Plaintiff's counsel claims interfered with his ability to file an opposition.

Mr. Christmas filed a stipulation to dismiss the District of Columbia on August 21, 2013, (*see* Dkt. No. 46), confirms that he accessed the docket in this case on that date and should have been reminded that an opposition to the United States' Motion for Summary Judgment was long overdue. And fourth, Mr. Christmas fails to articulate what, if any, meritorious argument Plaintiff could make to defeat the United States' Motion in any event.[6]

For these reasons, it is hereby **ORDERED** that Plaintiff's Motion for Extension of Time to File an Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 47) and Plaintiff's Motion to Reinstate (Dkt. No. 48) are **DENIED**. Plaintiff's claims against the United States remain **DISMISSED WITH PREJUDICE**, and this action shall remain closed.

**SO ORDERED.**

Date: September 5, 2013

ROBERT L. WILKINS
United States District Judge

---

[6] Through her case, Plaintiff asserted that the United States—*vis-à-vis* Unity Health Care—negligently provided medical care to the decedent, Alicia Edwards, while she was incarcerated at the D.C. Jail. As the United States correctly argued, a plaintiff pursuing a medical malpractice negligence action must establish three elements under District of Columbia law: "(1) the applicable standard of care; (2) a deviation from that standard by the defendant; and (3) a causal relationship between that deviation and the plaintiff's injury." *Flores-Hernandez v. United States*, 910 F. Supp. 2d 64, 72 (D.D.C. 2012) (quoting *Washington v. Wash. Hosp. Ctr.*, 579 A.2d 177, 181 (D.C. 1990)). Moreover, "[e]ach of these elements must usually be proved by expert testimony." *Id.* (quoting *Woldeamanuel v. Georgetown Univ. Hosp.*, 703 A.2d 1243, 1245 (D.C. 1997)). Through its Motion, the United States explains that Plaintiff disclosed only one expert witness in this case, E. Eugene Miller, whose opinions relate to standards and principles in the field of penology, not medical care. (*See* Dkt. No. 45, Stmt. Material Fact ¶ 1). While these opinions may have advanced Plaintiff's claims against the District of Columbia, they say nothing about the issues bearing on her theory against the United States. Thus, with this fact deemed conceded—*i.e.*, that Plaintiff proffers no expert witness to establish her claim against the United States—summary judgment is appropriately granted in the United States' favor. Notably, during the January 7th hearing, the United States specifically raised the lack of expert testimony as a reason not to reinstate Plaintiff's case the first time. Mr. Christmas claimed that he would retain such an expert and submit a report within thirty days, but it appears he never did so.